IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| H. LAURENCE REINHARD III | : | No. 18-581 |

MEMORANDUM

PRATTER, J.                                                                              DECEMBER 21, 2020

H. Laurence Reinhard III requests that the Court remove for his benefit the standard supervised release condition of drug testing. The Government opposes Mr. Reinhard's motion as premature and for Mr. Reinhard's failure to establish that he is compliant with Pennsylvania's so-called medical marijuana law. Mr. Reinhard has not yet violated a term of his supervision. For the reasons that follow, the Court denies the motion. Drug testing shall remain a condition of Mr. Reinhard's supervised release.

### BACKGROUND AND PROCEDURAL HISTORY

Mr. Reinhard was convicted of one count of making false statements to a federal firearm licensee, in violation of 18 U.S.C. § 924(a)(1)(A). Although the Federal Sentencing Guidelines called for a term of 18 to 24 months incarceration, the Court extended Mr. Reinhard considerable leniency. Mr. Reinhard was sentenced to four years of probation, a $20,000 fine, and a special assessment of $100. He was also ordered to serve six months in a Residential Reentry Center (RRC) followed by six months of home confinement. Based on Mr. Reinhard's representations, the Court did not impose the otherwise standard condition of drug testing at that time.

Mr. Reinhard began his six-month sentence at an RRC in early March 2020. He promptly failed both an alcohol and drug test there, with the latter test showing the presence of marijuana. He explained that he failed his drug test because he was using cannabidiol (CBD) oils and creams.

1

As the Government represented to the Court, purely CBD products will not yield a positive test for marijuana. Following these test results, Mr. Reinhard's Probation Officer petitioned the Court to restore the standard condition of drug testing. Mr. Reinhard objected to the modification.

Roughly three weeks after entering the RRC, Mr. Reinhard was permitted to serve the remainder of his term under home detention due to the COVID-19 pandemic.

The Court held a modification hearing and ordered the reinstatement of the drug testing condition in July 2020. Although drug testing is now a condition of Mr. Reinhard's supervised release, he has not submitted to a drug test in three months. On several occasions, he stated he was unable to produce a sample. And, at other times, he informed his probation officer that he was feeling ill.

Mr. Reinhard now moves to vacate the Court's July order mandating drug testing. He admits that he uses a CBD topical lotion that also contains tetrahydrocannabinol (THC)—the primary compound in cannabis that will produce a "high." He further represents that he has a Pennsylvania medical marijuana license, which he says he received because he has skin cancer. The Government opposes the request to modify a condition which has yet to be effectuated.

## LEGAL STANDARD

District courts have significant discretion to modify, reduce or enlarge the conditions of a defendant's probation. 18 U.S.C. § 3563(c); *United States v. Floyd*, 491 F. App'x 331, 332 (3d Cir. 2012). The Court is not required to expressly consider the statutory sentencing factors in 18 U.S.C. § 3553(a) when modifying conditions of probation. Instead, § 3563(c) provides only that modifications be made "pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the conditions of probation."

## DISCUSSION

The Court denies Mr. Reinhard's motion. Mr. Reinhard is ordered to comply with the drug testing condition of his probation.

As a threshold matter, Mr. Reinhard's motion is premature and borders on disingenuous. He moves specifically to suspend the condition because there is no evidence of illicit substance abuse. But he has not tested positive because he not yet submitted to a drug test since the Court reinstated the condition. (One cannot fail a test that has not yet been taken.) The Court rejects such circular logic. Nor can the Court agree that he is being "hailed" [sic] into a Probation Office for testing when he has only once traveled to the office for a test. Doc. No. 53 at 15.

At this stage, the Court anticipates that there awaits an ultimate determination of Mr. Reinhard's effort to use "medical marijuana." The July 2020 hearing to modify conditions of supervised release was not an evidentiary hearing. And the pending motion presents only the narrow issue of whether to remove the drug testing condition. The Court cannot conclude, nor will it reach, whether Mr. Reinhard is compliant with state law absent competent evidence on that issue.

Moreover, because Mr. Reinhard has not submitted to Court-ordered drug testing, there is no pending petition from the Government for a violation of probation.[1] So there is no proceeding for the Court to enjoin.[2]

---

[1] Even crediting Mr. Reinhard's arguments and concern that a positive test would violate the conditions of probation, there is a redressability problem. At this time, the Government's drug test tests for more than just the presence of marijuana. The Government has an interest in ensuring that Mr. Reinhard is not otherwise using illicit substances. And it is not apparent that the Government can screen for only a single substance. So, by requesting the blanket removal of the drug testing condition, Mr. Reinhard is seeking relief that the Court cannot and will not grant at this time.

[2] Mr. Reinhard emphasizes that the Department of Justice is barred from expending funds to enforce a violation of probation for marijuana use. He relies on a rider appended to the Consolidated Appropriations Act of 2020, 116 Pub. L. 93, 133 Stat. 2317. The Appropriations Act funds the Department of Justice. Relevant here, the rider prohibits using funds made available to the Department of Justice to prevent certain

If—by complying with the drug testing condition—Mr. Reinhard tests positive, the Government may exercise its prosecutorial discretion to petition for a Court finding of a violation of probation. If such a petition is brought, the Government acknowledges that Mr. Reinhard may be entitled to an evidentiary hearing. But at such a hearing, Mr. Reinhard would then need to establish his strict compliance with all requirements imposed by the Pennsylvania's Medical Marijuana Act. 35 Pa. Stat. § 10231.101 *et seq.*; *United States v. Jackson*, 388 F. Supp. 3d 505, 515 (E.D. Pa. 2019).

The Act allows Commonwealth residents to apply for and obtain marijuana as medical treatment for a limited set of "serious medical conditions," including cancer. 35 Pa. Stat. § 10231.101 *et seq.* Persons seeking medical marijuana, who have one of the enumerated conditions, must obtain a certification, as defined in the Act, from a treating physician. *Id.* § 10231.403. And such persons must then comply with various requirements, including obtaining medical marijuana only from an approved dispensary and carrying their identification card at all times. *Id.* §§ 10231.303, 10231.304.

Mr. Reinhard has not yet offered evidence from a treating physician or otherwise established that his ingestion of THC is prescribed. Nor has he provided any underlying records supporting his medical marijuana card application or attesting to its legitimacy. Rather, he has simply provided the Court with a copy of a medical marijuana identification card and a printout of the lotion bottle. The Court is cognizant that Mr. Reinhard was already convicted for crimes involving intentionally making misrepresentations and false statements to the Government. Were

---

states, including Pennsylvania, "from implementing their own laws that authorize the use, distribution, possession, or cultivation of medical marijuana." *Id.* § 531.

As the Government correctly responds, because there is no violation, there is no pending petition. So the Government has not expended any funds to prosecute a violation of probation. The Court need not give this argument further consideration.

the parties to proceed to an evidentiary hearing, Mr. Reinhard would need to substantiate his claim that he has lawfully obtained his card and that his use of marijuana is in strict compliance with the Act. *See e.g.*, *United States v. Jackson*, 388 F. Supp. 3d 505, 515 (E.D. Pa. 2019); *United States v. Carrillo*, No. 2:12-CR-00185-TLN, 2018 WL 4638418, at *4 (E.D. Cal. Sept. 26, 2018). Such evidence is not before the Court.

At this time, presented only with whether to remove the drug testing condition, the Court declines to modify the condition as imposed. The Court notes with concern Mr. Reinhard's persistent failure to submit to drug testing, given the lenient sentence and accommodations he has otherwise received. So doing, the Court does not decide whether Mr. Reinhard may use the topical lotion in the absence of competent medical evidence. But the Court is cognizant of the Third Circuit Court of Appeals' recent pronouncement that, despite certain states decriminalizing the possession and use of marijuana, at this time, "[b]oth marijuana and THC remain Schedule I controlled substances under 21 U.S.C. § 812(c), Sch. I (c)(10), (17)." *United States v. Registe*, No. 19-3155, 2020 WL 7311311, at *1 (3d Cir. Dec. 11, 2020).

## CONCLUSION

For the reasons set out in this Memorandum, the Court denies Mr. Reinhard's motion and enters the accompanying Order.

BY THE COURT:

_____
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

5